Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERTO AUGUSTO DIAS,

                            Plaintiff,

                     -against-

A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL
FLUSH, and WILLIAM MALONE, an individual,

                          Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **ROBERTO AUGUSTO DIAS** (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **ROBERTO AUGUSTO DIAS**, through undersigned counsel, bring this action against **A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH, and WILLIAM MALONE, an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal overtime laws arising out of Plaintiff's employment at A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH located at 1145 Randall Avenue, Bronx, New York 10474 and at 146 Andover Street, Bridgeport, CT, 06605.

3. Plaintiff **ROBERTO AUGUSTO DIAS** was employed by Defendants from in or around September 2011 until in or around April 2015.

4. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

9. Plaintiff **ROBERTO AUGUSTO DIAS** resides at 123 Pearl Street, Port Chester, New York 10573, and was employed by Defendants at A ROYAL FLUSH from in or around September 2011 until in or around April 2015.

10. Upon information and belief, Defendant, A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH, is a corporation organized under the laws of New York with a principal executive office at 1145 Randall Avenue, Bronx, New York 10474 and at 146 Andover Street, Bridgeport, CT, 06605.

11. Upon information and belief, Defendant, A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH, is a corporation authorized to do business under the laws of New York.

12. Upon information and belief, Defendant WILLIAM MALONE owns and/or operates A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH.

13. Upon information and belief, Defendant WILLIAM MALONE is the Chairman of the Board of A ROYAL FLUSH OF New York II, INC., d/b/a A ROYAL FLUSH.

14. Upon information and belief, Defendant WILLIAM MALONE is the Chief Executive Officer of A ROYAL FLUSH OF New York II, INC., d/b/a A ROYAL FLUSH.

15. Upon information and belief, Defendant WILLIAM MALONE is an agent of A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH.
16. Upon information and belief, Defendant WILLIAM MALONE has power over personnel decisions at A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH.
17. Upon information and belief, Defendant WILLIAM MALONE has power over payroll decisions at A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH.
18. Defendant WILLIAM MALONE has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH.
19. During all relevant times herein, Defendant WILLIAM MALONE was Plaintiff's employer within the meaning of the FLSA and NYLL.
20. On information and belief, A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.00.

## STATEMENT OF FACTS

21. Plaintiff **ROBERTO AUGUSTO DIAS** was employed by Defendants from in or around September 2011 until in or around April 2015.
22. During Plaintiff **ROBERTO AUGUSTO DIAS'** employment by Defendants at A ROYAL FLUSH, Plaintiff's primary duties were as a truck driver of a pump truck to clean out bathrooms and performing other miscellaneous duties from in or around September 2011 until in or around April 2015.
23. Plaintiff **ROBERTO AUGUSTO DIAS** was paid by Defendants approximately $15.00 per hour from in or about September 2011 until in or around April 2015.
24. Although Plaintiff **ROBERTO AUGUSTO DIAS** worked approximately 58 (fifty-eight) hours or more per week during the period of his employment by Defendants

3

from in or around September 2011 until in or around April 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

25. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

26. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

27. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

28. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

29. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

30. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

31. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

32. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

33. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

34. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

35. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

36. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

37. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

38. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

39. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

40. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish and/or Portuguese (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

41. Defendants are liable to Plaintiff in the amount of $2,500.00 together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

42. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

43. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

44. Defendants are liable to Plaintiff in the amount of $2,500.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 17 day of June of 2015

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375

Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERTO AUGUSTO DIAS,

                              Plaintiff,

                              -against-

A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH, and WILLIAM MALONE, an individual,

                              Defendants.

---

## SUMMONS & COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**
**A ROYAL FLUSH OF NEW YORK II, INC., d/b/a A ROYAL FLUSH**
**1145 RANDALL AVENUE**
**BRONX, NY 10474**

**146 ANDOVER STREET**
**BRIDGEPORT, CT 06605**

**WILLIAM MALONE**
**260 MILBANK AVENUE**
**GREENWICH, CT 06830**

8